**UNITED STATES COURT OF APPEALS**
**Filed 4/12/96**
**FOR THE TENTH CIRCUIT**

_____

ROBERT EARL SCOTT,                        )
                                          )
    Petitioner-Appellant,         )
                                          )
v.                                        )          No. 95-2245
                                          )    (D.C. No. CIV-92-119)
ROBERT J. TANSY, Warden; ATTORNEY )    (Dist. of New Mexico)
GENERAL FOR THE STATE OF NEW      )
MEXICO,                                   )
                                          )
    Respondents-Appellees.        )

_____

**ORDER AND JUDGMENT**[*]

_____

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Robert Earl Scott (Scott) appeals from the district court's Order dismissing with prejudice his petition for a writ of habeas

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

corpus pursuant to 28 U.S.C. § 2254.[1]

On July 16, 1989, Scott was convicted in a New Mexico state district court of second degree homicide, aggravated assault with a deadly weapon, and false imprisonment.  He was sentenced as a habitual offender to 17 years imprisonment followed by two years probation.

After exhausting his state court remedies, Scott filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that: (1) the state trial court judge's failure to recuse himself sua sponte because he had presided over Scott's divorce denied him due process; (2) he was denied his Sixth Amendment right to confrontation when the trial court limited his cross-examination of his ex-wife regarding the validity of the divorce decree; and (3) his trial counsel was ineffective for failing to investigate potential witnesses, failing to call certain witnesses, and failing to move to recuse the state trial judge.  The matter was assigned to Magistrate Judge Svet who held an evidentiary hearing on January 6, 1995.

At the hearing, the magistrate judge heard the testimony of Scott and his trial counsel and admitted into evidence the affidavit of state trial court Judge Robert M. Doughty II.  On July 2, 1995, the magistrate judge issued his Proposed Findings and

---

[1]     We grant issuance of a certificate of probable cause simply to reach the merits of the case.

Recommended Disposition, recommending that Scott's petition be denied. The magistrate judge concluded that: Scott failed to show that the state trial judge was biased or appears to have been biased; Scott's speculation that the trial judge's prior knowledge gained from the uncontested divorce proceeding influenced his rulings was not supported by any facts; Scott failed to demonstrate that his ability to inquire into the circumstances of his domestic relations case or to cross-examine his ex-wife was limited, let alone that any such limitation was prejudicial; Scott's ineffectiveness claims challenging his counsel's tactical decisions fail, inasmuch as those decisions "were clearly reasonable tactical choices made after considerable investigation."

On October 27, 1995, the district court adopted the Proposed Findings and Recommended Disposition of the magistrate judge and dismissed Scott's petition with prejudice.

On appeal, Scott reiterates his claims made to the district court. We review a district court's legal conclusions in dismissing a petition for a writ of habeas corpus de novo, Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993), although findings of fact underlying mixed questions of law and fact are accorded the presumption of correctness. Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir. 1992).

We **AFFIRM** substantially for the reasons set forth in the magistrate judge's Proposed Findings and Recommended Disposition of

July 2, 1995, and the district court's Order of October 27, 1995.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge